# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0054** (Barbour County 15-JD-06)

**T.L., a juvenile,**
**Defendant Below, Petitioner**

**FILED**

**November 14, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner T.L., by counsel Roger D. Curry, appeals the Circuit Court of Barbour County's January 7, 2016, order finding him to be a juvenile delinquent and committing him to the Division of Juvenile Services.[1] The State, by counsel Gordon L. Mowen II, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in relying upon hearsay evidence during the dispositional hearing.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2015, the State filed an emergency detention petition against petitioner charging him with one count of threats of terrorist acts, in violation of West Virginia Code § 61-6-24; twenty-eight counts of wanton endangerment, in violation of West Virginia Code § 61-7-12; and one count of possession of a deadly weapon on the premises of an educational facility, in

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

1

violation of West Virginia Code § 61-7-11a(b). These charges stemmed from an incident in which petitioner brought a gun to school, threatened to kill other students and himself, and held an entire classroom hostage for more than one hour. The following month, the State filed an amended delinquency petition charging petitioner with five additional counts of wanton endangerment and twenty-eight counts of kidnapping. The following day, the circuit court granted petitioner's motion for a psychological evaluation to be performed by Dr. Ronald Pearse. On September 23, 2015, the circuit court held an adjudicatory hearing during which petitioner pled guilty to one count of possession of a deadly weapon on the premises of an educational facility and thirty-three counts of wanton endangerment involving a firearm. As part of the plea agreement, the remaining charges were dismissed. Based upon petitioner's voluntary admission, the circuit court adjudged petitioner as a delinquent.

The circuit court received several post-adjudicatory evaluations. The diagnostic evaluation conducted by the Donald R. Kuhn Center indicated that while petitioner was suspended once in elementary school, he generally stays out of trouble. The accompanying psychological evaluation found that he was suspended in elementary school for urinating on the floor and was kicked off the bus for "smacking a girl on the butt." The psychologist recommended that "had [petitioner's] offense been less severe, he would easily be considered as low risk of recidivism and recommended for probation[.] However, given the seriousness of the offense, the court may deem it necessary that [petitioner] remain in a controlled, structured, correctional setting."

Dr. Pearse recommended that a "therapeutic environment would be quite appropriate where he would be required to participate in the development of consequential thinking[.]"In October of 2015, petitioner moved for an additional psychological evaluation to be conducted by Dr. Timothy Saar. Dr. Saar recommended that petitioner was at a low risk to reoffend, but certain precautions should be taken. Dr. Saar's report was based upon the above mentioned reports and interviews of petitioner's family and friends. However, Dr. Saar stated that "additional information made known to his examiner may alter or change the opinions expressed."

An additional report and YLS/CMI assessment were issued by the probation department. During the assessment, the officer noted that petitioner "appeared to be cocky and arrogant" and felt "great" regarding his conduct at the time of the crimes. The probation officer opined that the Kuhn Center and Saar evaluations were inadequate because both failed to contact the proper authorities involved in the underlying crimes or conduct collateral interviews. The probation department conducted these collateral interviews during which it was disclosed that petitioner had family issues in which his father called petitioner names. The probation report also revealed that petitioner was extremely controlling of his girlfriend, fabricated stories to gain attention, was involved in multiple altercations in which he was the aggressor, planned the hostage situation, and the victims were still concerned for their safety. The West Virginia school system also submitted a disciplinary report indicating that petitioner had thirty-one disciplinary offenses, which included at least two suspensions.

In December of 2015, the circuit court held a dispositional hearing during which Dr. Saar indicated that based upon the probation department's report and other additional information, he would like to "take a look at that information again." At the conclusion of the hearing, the circuit

court committed petitioner to the custody of juvenile services until petitioner attained the age of twenty-one, unless sooner released by the circuit court. Thereafter, the circuit court entered a detailed supplemental order on January 7, 2016, analyzing the eight factors when incarceration is selected as disposition in accordance with this Court's holding in syllabus point four of *State ex rel. D.D.H. v. Dostert*, 165 W.Va. 448, 269 S.E.2d 401 (1980).[3] This appeal followed.

We have held that

> the standard of review with regard to a circuit court's sentencing order or disposition under W.Va.Code, 49–5–13 (2002) [now West Virginia Code § 49-4-714], is whether the circuit court's ruling constitutes an abuse of discretion. *State v. Kirk N.*, 214 W.Va. 730, 741, 591 S.E.2d 288, 299 (2003), quoting *State ex rel. D.D.H. v. Dostert*, 165 W.Va. 448, 471, 269 S.E.2d 401, 416 (1980), ("discretionary" rulings of circuit courts at the dispositional stage in juvenile cases "should only be reversed where they are not supported by the evidence or are wrong as a matter of law"); *In the Interest of Thomas L.*, 204 W.Va. 501, 504, 513 S.E.2d 908, 911 (1998), (disposition in juvenile case held to be within the circuit court's "sound discretion"); *State ex rel. Department of Health and Human Resources v. Frazier*, 198 W.Va. 678, 683, 482 S.E.2d 663, 668 (1996), (circuit courts are "vested with discretion to select the appropriate disposition for a particular juvenile").

---

[3]This Court held that

> [i]n a juvenile proceeding it is the obligation of a trial court to make a record at the dispositional stage when commitment to an industrial school is contemplated under W.Va. Code, 49-5-13(b)(5) (1978) and where incarceration is selected as the disposition, the trial court must set forth his reasons for that conclusion. In this regard the court should specifically address the following: (1) the danger which the child poses to society; (2) all other less restrictive alternatives which have been tried either by the court or by other agencies to whom the child was previously directed to avoid formal juvenile proceedings; (3) the child's background with particular regard to whether there are pre-determining factors such as acute poverty, parental abuse, learning disabilities, physical impairments, or any other discrete, causative factors which can be corrected by the State or other social service agencies in an environment less restrictive than an industrial school; (4) whether the child is amenable to rehabilitation outside an industrial school, and if not, why not; (5) whether the dual goals of deterrence and juvenile responsibility can be achieved in some setting less restrictive than an industrial school and if not, why not; (6) whether the child is suffering from no recognizable, treatable determining force and therefore is entitled to punishment; (7) whether the child appears willing to cooperate with the suggested program of rehabilitation; and, (8) whether the child is so uncooperative or so ungovernable that no program of rehabilitation will be successful without the coercion inherent in a secure facility.

*State v. Kenneth Y.*, 217 W.Va. 167, 170, 617 S.E.2d 517, 520 (2005).

On appeal, petitioner argues that the circuit court erred in considering hearsay testimony during the dispositional hearing. First, petitioner contends that the circuit court relied upon hearsay evidence in reaching its disposition. We disagree. Rule 1101(b) of the West Virginia Rules of Evidence expressly exempts sentencing hearings from the Rules of Evidence.[4] Furthermore, this evidence was presented to the circuit court as part of an evaluation. This Court has held that, "a circuit court may consider all information contained in a diagnostic evaluation that was performed pursuant to Rule 40 of the West Virginia Rules of Juvenile Procedure." Syl. Pt. 4, *State v. J.S.*, 233 W.Va. 198, 757 S.E.2d 622 (2014). Furthermore, "relevant hearsay evidence is not prohibited at juvenile disposition hearings." *Id.* at 208, 757 S.E.2d at 632. Because the evidence adduced at petitioner's sentencing hearing was relevant and part of an evaluation, we find no error.

In a related assignment of error, petitioner argues that his Sixth Amendment right to confront the witnesses against him was violated when the circuit court admitted alleged hearsay statements contained in the probation officer's evaluation during the dispositional/sentencing hearing. We disagree.

This Court has previously held under

> "*Crawford v. Washington,* 541 U.S. 36, 124 [S.Ct. 1354, 158 L.Ed.2d 177] (2004), the Confrontation Clause contained within the Sixth Amendment to the *United States Constitution* and Section 14 of Article III of the *West Virginia Constitution* bars the admission of a testimonial statement by a witness who does not appear at trial, unless the witness is unavailable to testify and the accused had a prior opportunity to cross-examine the witness."

Syl. Pt. 6, *State v. Mechling,* 219 W.Va. 366, 633 S.E.2d 311 (2006). As explained in *Mechling,* "a testimonial statement is, generally, a statement that is made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Mechling,* 219 W.Va. at 365, 633 S.E.2d at 313, syl. pt. 8, in part.

In the case sub judice, the statements included in the probation department's evaluation were not "testimonial," as they were not made "under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Id*. The statements could not be used at trial because it is undisputed that petitioner entered a plea agreement on September 23, 2015, and the probation department's evaluation was not prepared until several months after petitioner was adjudged a delinquent.[5] As such, these

---

[4]West Virginia Rule 1101(b)(3) provides that "these rules other than those with respect to privileges do not apply in the following situations: [s]entencing."

[5]The probation department's evaluation was submitted on December 9, 2015.

statements were presented during disposition/sentencing and not used at a trial. Accordingly, we find no violation of either *Crawford* or *Mechling*.

Finally, petitioner argues that the circuit court erred in considering a school counselor's opinion as it related to petitioner's degree of remorse regarding his actions and failed to consider evidence of whether petitioner was "bullied" prior to the underlying crimes during the dispositional/sentencing hearing.

Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact *and law* presented, *the standard of review applicable, and citing the authorities relied on .*
> *. .* [and] must contain appropriate and specific citations to the record on appeal[.]
> The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(emphasis added). Additionally, in an Administrative Order entered on December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, Chief Justice Menis E. Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief is woefully inadequate as it fails to comply with the administrative order and the West Virginia Rules of Appellate Procedure. While petitioner's brief does contain a single citation to the record on appeal, it lacks citations to applicable authority in support of his arguments. Thus, for those reasons, we decline to address these assignments of error as they were not properly developed on appeal.

For the foregoing reasons, the circuit court's January 7, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**:  November 14, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II